UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| 180 LAND CO LLC, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF LAS VEGAS, et al.,<br><br>Defendant(s). | Case No. 2:18-CV-547 JCM (CWH)<br><br>ORDER |

Presently before the court is defendants City of Las Vegas, James Coffin, and Steven Seroka's (collectively "defendants") motion to dismiss. (ECF Nos. 14, 17). Plaintiffs 180 Land Co LLC ("180 Land"); Fore Stars, Ltd ("Fore Stars"); Seventy Acres LLC ("Seventy Acres"); and Yohan Lowie (collectively "plaintiffs") filed a response (ECF No. 24), to which defendants replied (ECF Nos. 30, 36).

Also before the court is defendants' second motion to dismiss. (ECF Nos. 16, 23). Plaintiffs' filed a response (ECF No. 27), to which Coffin and Seroka replied (ECF No. 37).

Also before the court is plaintiffs motion to consider supplemental documents. (ECF No. 64). Defendants filed two responses (ECF Nos. 65, 68, 69), to which plaintiffs replied (ECF No. 70).

**I.  Facts**

Fore Stars, 180 Land, and Seventy Acres ("plaintiff landowners") collectively own approximately two hundred and fifty (250) acres of real property ("the Badlands property") within the boundaries of the City of Las Vegas. (ECF No. 1). Plaintiff landowners originally operated, through a lease, a golf course on the property. *Id.* On December 1, 2016, plaintiff landowners shut down the golf course and began converting the land for residential and commercial use. *Id.*

**James C. Mahan
U.S. District Judge**

On November 30, 2017, the State of Nevada State Board of Equalization approved the Clark County Assessor's determination that plaintiff landowners converted the property to a "higher use" for residential and commercial development in accordance with NRS 261A.031. *Id*.

Plaintiffs allege that Coffin and Seroka, who are council members on the Las Vegas City Council ("City Council"), have used and continue to use their official capacity to oppose plaintiffs' numerous applications to develop the Badlands property. *Id*. Plaintiffs further allege that Coffin and Seroka have remarkable animus and bias against plaintiffs, which renders their participation on the City Council unlawful. *Id*.

The complaint contains a number of details pertaining to Coffin and Seroka's bias. *See id*. Plaintiffs primarily allege that Coffin categorically refused to allow development of the Badlands property unless plaintiffs met the demands of Coffin's longtime friend, Mr. Binions. *Id*. At the time Coffin purportedly imposed this precondition, Mr. Binion was demanding plaintiffs to hand over one hundred and eighty-three (183) acres of the Badlands property. *Id*. Plaintiffs further alleged that Coffin made various statements to Lowie, who is of Jewish descent, that compared Lowie's actions to develop the Badlands Property to Israel's treatment of Palestinians. *Id*. The complaint contains a letter that Coffin sent to Todd Polikoff, the president and CEO of Jewish Nevada, in which he confirms making such statements to Lowie. (ECF No. 1-4).

As to Seroka, plaintiffs allege that Seroka attended a town hall meeting at the Queensridge Common Interest Community Clubhouse, which is located in a community that contains wealthy, influential homeowners that oppose development of the Badlands property. (ECF No. 1). In that town hall meeting, Seroka purportedly stated that it would be "the stupidest thing in the world" for the City Council to follow the letter of the law in adjudicating plaintiffs' applications. *Id*.

On March 26, 2016, plaintiffs filed a complaint alleging four causes of action: (1) violation of equal protection under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983; (2) violation of procedural due process under the Fourteen Amendment of the United States Constitution pursuant to § 1983; (3) violation of equal protection under Article Four, Section Twenty-one of the Nevada Constitution; (4) violation of procedural due process under Article One, Section Eight, Subsection Five of the Nevada Constitution. (ECF No. 1).

Now, defendants move to dismiss all four of plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16).

## II.     Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

### III. Discussion

As a preliminary matter, the court will deny plaintiffs' motion to consider supplemental documents (ECF No. 64). At this stage in litigation, the court is under no obligation to consider additional substantive evidence because courts primarily examine the allegations in the complaint to determine whether a plaintiff has filed a proper pleading. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, considering the additional documents would unfairly prejudice the defendants because plaintiffs filed the respective evidence after the parties fully briefed the motions to dismiss (ECF Nos. 14, 16). Therefore, the fair administration of justice requires the court to proceed without relying on the additional evidence in the record. *See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets).

The court will also deny without prejudice defendants' first motion to dismiss (ECF No. 14). Pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. Defendants' motion is a non-compliant document under this rule as it consists of three distinct motions: (1) a motion to dismiss, (2) a motion for more definite statement, and (3) a motion to stay. *See* (ECF No. 14). The court will not consider defendants' motions unless they are filed as separate documents. *See* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

James C. Mahan
U.S. District Judge

- 4 -

As to defendants' second motion to dismiss (ECF No. 16), the court hereby addresses each cause of action in turn.

*i. Equal protection under the United States Constitution*

The United States Supreme Court has recognized that the Equal Protection Clause may, in some circumstances, afford individuals relief from intentional, irrational, and differential treatment at the hands of the Government. *E.g., Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam). To state a "class of one" claim, plaintiffs must allege that the City Council: "(1) intentionally (2) treated [plaintiffs] differently than other similarly situated property owners, (3) without rational basis." *Gerhart v. Lake Cnty., Montana*, 637 F.3d 1013, 1019 (9th Cir. 2011) (citing *Willowbrook*, 528 U.S. at 564).

Here, the complaint does not provide any details regarding similarly situated landowners, other than stating that those landowners submitted applications that "conformed with all relevant laws and regulation and were approved by the Staff and Planning Commission." (ECF No. 1). However, a plaintiff cannot assert a valid equal protection claim by placing "all persons not injured into a preferred class receiving better treatment than the plaintiff." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (quotes and citation omitted). Without greater similarities between plaintiffs and the preferred class of similarly situated landowners, the allegations in the complaint cannot "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216; *see also Thornton*, 425 F.3d at 1167–68 (9th Cir. 2005) (holding that different land uses, or even an identical use in a different zone, do not qualify as similarly situated). Therefore, the court will dismiss without prejudice plaintiffs' equal protection claim.

*ii. Procedural due process under the United States Constitution*

To state a claim for procedural due process, a plaintiff must allege: "(1) a liberty or property interest protected by the constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

Defendants argue that the court should dismiss plaintiffs' procedural due process claim because plaintiffs' alleged right to develop the Badlands property is not a constitutionally protected property interest. (ECF No. 16). The court agrees.

A government benefit, such as a license or permit, may give rise to a protectable property interest where the recipient has a "legitimate claim of entitlement to it." *Gerhart v. Lake Cnty., Montana*, 637 F.3d 1013, 1019 (9th Cir. 2011). A legitimate claim of entitlement can exist where state law significantly limits the decision maker's discretion or where the decision maker's policies and practices create a de facto property interest. *Gerhart*, 637 F.3d at 1021; *see Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 903 (9th Cir. 2007) ("Vested rights in a land development permit . . . 'are created and their dimensions are defined by existing rules or understandings that stem from . . . state law.'") (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)).

Plaintiffs cite various provisions of the Las Vegas Unified Development Code (Title 19.16.030, 090, 100, and 130) and NRS 278.349 in support of their claim that state law significantly limits the City Council's discretion. (ECF No. 27). These laws impose procedural constraints on the City Council in considering various land development applications.

"[P]rocedural requirements ordinarily do not transform a unilateral expectation into a protected interest. . . ." *Wedges/Ledges of California, Inc. v. City of Phoenix, Ariz.*, 24 F.3d 56, 62 (9th Cir. 1994). However, when procedural requirements amount to a "significant substantive restriction on . . . decision making[,]" a protected property interest arises. *Id.*

The court has reviewed the Las Vegas Unified Development Code and NRS 278. The pertinent provisions do not contain language that significantly limits the City Council's discretion. *See* NRS 278.349(1) ("the governing body . . . shall . . . approve, conditionally approve or disapprove a tentative map . . ."); *see also* NRS 278.349(3) (providing factors the planning commission considers in reviewing tentative maps); *see also* Title 19.16.030(H)(2)(a) ("The City Council may approve or deny a proposed General Plan Amendment."); *see also* Title 19.16.090(B) ("the City Council may . . . rezone any parcel or area of land within the City from one zoning district to another . . ."); *see also* Title 19.16.100(G)(2)(h) ("The city Council may approve,

James C. Mahan
U.S. District Judge

- 6 -

approve with conditions, or deny an application . . ."); *see also* Title 19.16.130(B) ("[T]he city council may affirm, modify or reverse the decision of the planning commission.")[1]

Accordingly, the court will dismiss with prejudice plaintiffs' second cause of action for procedural due process.

### *iii. Equal protection under the Nevada Constitution*

Because the Equal Protection Clause of the Nevada Constitution mirrors its federal counterpart, Nevada courts "have interpreted the standard of the Equal Protection Clause of the Nevada Constitution to be the same as the federal standard. . . ." *Armijo v. State*, 904 P.2d 1028, 1029 (Nev. 1995); *In re Candelaria*, 245 P.3d 518, 523 (Nev. 2010). Accordingly, the court will dismiss without prejudice plaintiffs' Nevada equal protection claim for the same reason that it will dismiss plaintiffs' federal equal protection claim. *See Cinque v. Ward*, No. 3:09-cv-00229-ECF (RAM), 2010 WL 3312608 at *5 (D. Nev. July 28, 2010).

### *iv. Procedural due process under the Nevada Constitution*

The Due Process Clause of the Nevada Constitution also requires the same analysis as its federal counterpart. *In re Candelaria*, 245 P.3d at 523; *Reinkemeyer v. Safeco Ins. Co. of Am.*, 16 P.3d 1069, 1072 (Nev. 2001). Therefore, the court will dismiss with prejudice plaintiffs' Nevada procedural due process claim for the same reason that it will dismiss plaintiffs' federal procedural due process claim. *See Cinque*, 2010 WL 3312608 at *4.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 14) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendants' second motion to dismiss (ECF No. 16) be, and the same hereby is, GRANTED, consistent with the foregoing.

. . .

. . .

---

[1] Plaintiffs do not reference any specific provisions in support of their contention that the Las Vegas Uniform Development Code and NRS 278 substantially limit the City Council's discretion. *See* (ECF No. 27).

James C. Mahan
U.S. District Judge

- 7 -

IT IS FURTHER ORDERED that plaintiffs' motion to consider supplemental documents (ECF No. 64) be, and the same hereby is, DENIED.

DATED December 21, 2018.

_____
UNITED STATES DISTRICT JUDGE